427 P.2d 525

**STATE of Arizona, Appellee,**
**v.**
**Edward Charles PENNYE, Appellant.**
**No. 1625.**

Supreme Court of Arizona,
In Banc.
May 10, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Robert R. Bean, Coolidge, for appellant.

LOCKWOOD, Justice:

Defendant was charged by information with assault with a deadly weapon. The information included an allegation that the defendant had a prior conviction in the State of Texas of the offense of "murder without malice." The defendant pleaded not guilty to the crime charged and to the fact of the prior conviction.

The jury found the defendant guilty of assault with a deadly weapon. Following the trial of that issue, the jury found that he had also been convicted of the prior offense alleged in the information. The judge sentenced the defendant to not less than ten nor more than thirty years in the state prison. From this judgment and sentence the defendant appeals.

The defendant complains of the manner in which the state attempted to prove that he had been convicted of a prior offense.

■ When a prior conviction is alleged in an information it is incumbent upon the state to prove: (1) that the defendant in the present case and the one convicted in the prior case are the same individual, and (2) that there was in fact a prior conviction. State v. Salazar, 3 Ariz.App. 114, 412 P.2d 289 (1966). In the case at bar the defendant denied that he had been convicted of a prior crime. Thus it was essential to prove the two above mentioned items.

The record indicates that the state has produced an exemplified copy of a judgment of the Texas District Court, Midland County, stating that a person named E. C. Pennye was convicted of murder *without* malice in Midland, Texas on July 13, 1962. There was also a sheriff's report of arrest of one E. C. Pennye on March 22, 1962 in Midland, Texas on a charge of murder *with malice* attached to which was a fingerprint record. An expert testified that the fingerprints of the E. C. Pennye arrested matched the fingerprints of the E. C. Pennye on trial in the present case. There is, however, no evidence linking the E. C. Pennye, who was arrested and charged with *murder with malice* and whose fingerprints match the Pennye on trial, with the E. C. Pennye, who was convicted of the crime of *murder without malice*.

■ As with all other elements of a criminal prosecution the state has the burden of proving beyond a reasonable doubt that the accused has in fact been convicted of a prior criminal offense, if that prior conviction is alleged in the information as the basis for increased punishment under the Habitual Offender Act (A.R.S. §§ 13–1649 and 13–1650). State v. Miles, 3 Ariz. App. 377, 414 P.2d 765 (1966). The only evidence that links the defendant in the case at bar to the E. C. Pennye convicted in the Texas action is the identity of names. Although there is authority to the contrary, we believe the better rule to be that the mere identity of a name on an exemplified copy of a prior conviction and the defendant's name, is not sufficient evidence to rebut the presumption of innocence, which enfolds the defendant and requires the state to prove *all* the elements of the crime charged against him, including the fact of the prior conviction. People v. Casey, 399 Ill. 374, 77 N.E.2d 812, 11 A.L.R.2d 865 (1948). See Anno. 11 A.L.R.2d 870. We quote approvingly from State v. Livermore, 59 Mont. 362, 364, 196 P. 977 (1921):

"The truth of every averment against a criminal offender must be established by evidence which satisfies the jury beyond a reasonable doubt * * * [citation]. The fact that a defendant has been accused and convicted of a separate and distinct offense in another action does not change the rule nor serve to relax

it in the least. The presumption of innocence is just as potent under such a charge as under any other, and must be preserved in all its integrity until the contrary appears. In the case at bar the state is insisting upon an increased punishment upon the bare fact that the name of the defendant in the two cases is the same, without any proof, independent of the judgment roll, to show it."

We have examined the defendant's other assignment of error and find it without merit.

The judgment of the trial court is reversed as to the judgment finding that the defendant had been convicted of a prior offense, and is remanded for proceedings not inconsistent with this opinion.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.