586 P.2d 217

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–80981–S.**

**No. 1 CA–JUV 64.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 19, 1978.

Review Denied Nov. 7, 1978.

Charles F. Hyder, Maricopa County Atty. by E. Miles Nelson, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

This is an appeal from the trial court's order of October 20, 1977, finding the juvenile in violation of probation and delinquent, and its dispositional order of January 3, 1978, committing the juvenile to the State Department of Corrections. The issue raised on appeal as stated by appellant is whether sufficient evidence was presented to establish that appellant was on probation at the time the alleged violation of probation occurred. Appellant does not claim that the proof of the fact of prior probation was insufficient. Rather, the essence of appellant's contention is a claimed insufficiency of evidence showing that appellant was the same individual who had been previously placed on probation in prior proceedings in this same action. For the reasons stated herein, we affirm the orders entered by the trial court.

The facts giving rise to this appeal are as follows. On March 31, 1975, a petition was filed alleging that the juvenile was delinquent in that he had committed the offense of shoplifting. The petition listed the name of the juvenile, his address, age and birthdate, and the names and addresses of his parents. The juvenile appeared before referee Mary Bass on April 3, 1975, and admitted the allegations of the petition. At the dispositional hearing on July 3, 1975, the juvenile was placed on probation.

Subsequently, on March 4, 1976, another petition (containing the same biographical data as the first petition) was filed alleging that the juvenile had violated his probation by committing an attempted robbery. An adjudication hearing was held on April 19, 1976, again before referee Mary Bass. Present at the hearing were the juvenile, both of his parents, his court-appointed attorney, and his probation officer. On April 23, 1976, the referee recommended that the petition of March 4, 1976, be dismissed for failure of the state to prove the attempted robbery.

A second petition alleging a violation of probation was filed against the juvenile on July 28, 1977, for the crime of theft from a person. That petition incorrectly listed the juvenile's birthdate. An advisory hearing on the matter was held on August 4, 1977, before referee Robert A. Budoff, at which time the referee recommended that the petition be amended to show the juvenile's true birthdate, which had been correctly listed on all the previous petitions. The referee set an adjudication hearing for August 31, 1977, and appointed the public defender to represent the juvenile. The referee adjudicated the matter on August 31, 1977. Present at the hearing were the juvenile, his mother, his attorney, and the same probation officer who had appeared with him previously. The referee found that the juvenile had violated the terms of the probation, and that the state had proved the allegations of the petition by a preponderance of the evidence.

The juvenile appealed the findings of the referee to the superior court. An adjudication hearing was held before Judge C. Kimball Rose on October 20, 1977, at which time the court found that the state had proved the violation of probation by a preponderance of the evidence. At the disposition hearing on January 3, 1978, the court committed the juvenile to the State Department of Corrections.

As indicated above, the claim asserted before this Court is that insufficient evidence was presented at trial to show that the appellant is the individual placed on probation in prior proceedings in this action. It is true that no formal proof was presented at the October 20, 1977, adjudication hearing to show that this juvenile was the same juvenile previously placed on probation. However, the reason for the failure to present such evidence is clear—no issue as to the juvenile's identity was ever raised in the trial court. When an individual is brought before the court for the purpose of determining whether he has violated his probation, and he disputes the fact that he is the same individual placed on probation in prior proceedings in the same action, he

must raise this issue in the trial court.[1] *Barrow v. State,* 505 S.W.2d 808 (Tex.Cr. App.1974); *People v. Haynes,* 21 Ill.App.3d 1, 313 N.E.2d 601 (1974).

The appellant cites *State v. Pennye,* 102 Ariz. 207, 427 P.2d 525 (1967), as authority for the proposition that the state has the burden of establishing that he is the same individual previously placed on probation, and that its failure to do so requires reversal here. *Pennye* dealt with the requirements for proving a charge of prior conviction for purposes of A.R.S. §§ 13–1649 and 13–1650. That case can be distinguished from the case at bar on several grounds. First, *Pennye* dealt with proof of a prior conviction in an entirely separate action, whereas the original probation and the subsequent revocation of probation in this case were both parts of the same action. In our opinion, once the identity of the juvenile has been established in an action, there is a presumption of identity which continues throughout subsequent proceedings in the same action in the absence of a claim or evidence to the contrary reflected in the record. We note that in *Pennye,* separate and apart from the fact that entirely separate actions were involved, the defendant denied that he had been convicted of the prior crime, whereas herein the juvenile did not at any time deny or otherwise raise an issue as to whether he was the individual previously placed on probation in these proceedings. Finally, in *Pennye,* the only link between the defendant and the person named in the prior conviction was identical names, whereas in the case at bar, the link between the juvenile and the individual involved in the prior proceedings as reflected in the record before the trial judge consisted of identical names, identical home addresses, identical dates of birth, identical parents, and identical probation officers.

The adjudication and disposition orders entered by the trial court are affirmed.

FROEB, C. J., and DONOFRIO, J., concur.

1. In connection with this point, we note that Rule 1.2(b), Local Rules of Procedure for the Maricopa County Juvenile Court, requires that the juvenile provide the county attorney with advance notice of the defenses he will raise at the adjudication hearing, including the defense of mistaken identity.