139 Ariz. 240 (1984)
677 P.2d 1348
The STATE of Arizona, Appellant,
v.
Alvin ROBINSON, Appellee.
No. 2 CA-CR 3177.
Court of Appeals of Arizona, Division 2.
February 29, 1984.
Stephen D. Neely, Pima County Atty. by Barbara Lawall, Tucson, for appellant.
Stephen C. Bergsten, Tucson, for appellee.
OPINION
HOWARD, Judge.
Appellee Alvin Robinson was indicted on six counts of burglary in the second degree and five counts of theft. The trial judge granted appellee's motion to suppress based on two grounds: (1) the information used to establish probable cause was stale and (2) the language in the search warrant was insufficiently precise. In addition, a second warrant, probable cause for which was based on information gathered in the first search, was suppressed.
The state appeals, contending that because of the nature of the criminal activity and of the items sought, the information was not stale and that the description of the items to be seized was sufficiently precise.
Since we find that the description of the objects was not sufficiently precise to justify the search, it is not necessary to deal with the issue of probable cause.
The Fourth Amendment to the United States Constitution provides:
"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, *241 and particularly describing the place to be searched, and the persons or things to be seized." (Emphasis added.)
The historical purpose of this requirement is to prevent general searches and seizures such as were carried out by the British prior to our independence under the hated Writs of Assistance. As the United States Supreme Court said in Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965):
"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant. [citations omitted.]" 379 U.S. at 485, 85 S.Ct. at 512.
While this requirement must be construed in a common sense and realistic fashion, United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) it is clear that the officer charged with executing a warrant must be advised with a reasonable degree of certainty of the property to be seized. People v. Schmidt, 172 Colo. 285, 473 P.2d 698 (1970). While some things such as contraband need not be so specifically described, People v. Schmidt, supra, the warrant must describe the items with sufficient particularity that there is little likelihood of confusion or uncertainty by the executing officer as to the scope of the permissible search. People v. Noble, 635 P.2d 203 (Colo. 1981). In determining whether a warrant is too general the nature of the property must be considered. People v. Lindholm, 197 Colo. 270, 591 P.2d 1032 (1979).
In the instant case the only description given in the affidavit consisted of a description of the burglaries and the statement "the items taken have usually been purses, wallets, and jewelry." This is the sort of generic description which the First Circuit Court of Appeals held to be inadequate in United States v. Klein, 565 F.2d 183 (1st Cir.1977). In that case, the court held that the description must be more specific when the items sought will be found among similar items which are not the subject of the search. There the court said:
"... A warrant for `stolen', `pirate', or `illegal' goods, be they watches, drugs, clothing, or tapes does not become sufficiently particular by after the fact explanations as to how these products were differentiated from legal merchandise when the seizures were carried out." 565 F.2d at 189.
In discussing why generic descriptions of drugs and contraband have been upheld as sufficient, the court stated that in the case of contraband there was "no danger that a citizen would be deprived of his lawful property because of the imprecision of a generic description." 565 F.2d at 189. In the instant case the items sought (purses, wallets and jewelry) would in any search need to be differentiated from items which are legitimately in a home. Here the officers who obtained the warrant had been investigating the burglaries for approximately two and one-half months. They made no showing either of more specificity or why more specificity was not possible. As the trial judge stated in his opinion, the affidavit is "insufficiently precise to justify a general rummaging through defendants' belongings."
Affirmed.
BIRDSALL, C.J., and HATHAWAY, J., concur.