753 P.2d 189
**The STATE of Arizona, Appellee,**

**v.**

**Claude Thomas TERRELL, Appellant.**

**No. 2 CA–CR 4169.**

Court of Appeals of Arizona, Division 2, Department B.

March 31, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Phoenix, for appellee.

Victor M. Ortiz, Mesa, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was found guilty of twelve felony counts involving stolen property. The jury also found that he had a prior felony conviction for theft in Texas. The court imposed a concurrent aggravated prison sentence on each count. We remand with directions.

In April 1984, Pinal County Sheriff's officers entered appellant's Apache Junction property pursuant to a search warrant issued on the complaint of an individual who alleged that persons there had taken his 1981 Isuzu pickup by force. While they were on the property, the officers saw cocaine, drug paraphernalia, and a number of dismantled vehicles and motorcycles whose identification numbers appeared to have been tampered with or changed. The officers obtained a second search warrant which led to the discovery of a number of vehicles, parts of vehicles, motorcycles, tools, license plates and papers. Further investigation revealed that many of the items had been stolen.

Carl Dial was arrested on the premises and, in return for immunity, testified against appellant. The court refused to allow appellant to impeach Dial with a 1978 California misdemeanor conviction for attempting to receive stolen property. At appellant's request, the court initially appointed an investigator to assist the defense. Later in the proceedings, the court denied appellant's request to allow the investigator to go to California or to authorize funds for him to hire an investigator in California to check the "background character" of Dial, even though counsel for appellant had already personally interviewed Dial.

On appeal, appellant contends the search warrant was defective, the court erred in not allowing impeachment of the witness Dial, a California background investigation should have been allowed, and there was insufficient evidence to show appellant's prior conviction.

## SEARCH WARRANT

Appellant argues that the second warrant was lacking in sufficient particularity in the description of the items to be seized. The Fourth Amendment mandates that a search warrant particularly describe the items to be seized. "While this requirement must be construed in a common sense and realistic fashion, *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed. 2d 684 (1965) it is clear that the officer charged with executing a warrant must be advised with a reasonable degree of certainty of the property to be seized." *State v. Robinson,* 139 Ariz. 240, 241, 677 P.2d 1348, 1349 (App. 1984). Although some items, such as contraband, need not be specifically described, the warrant must describe the items with sufficient particularity so there is little chance that the executing officer will be confused or uncertain about the scope of the search he may conduct. A reviewing court must consider the nature of the property in determining whether a warrant is too general. *Robinson,* supra.

The affidavit for the second search warrant detailed Officer Curtiss Dill's observation of cocaine and drug paraphernalia on appellant's property. In addition, he discussed his observation of four motor vehicle frames and two motorcycle frames, all of which appeared to have the vehicle identification numbers removed. The search warrant described the items to be seized as follows:

> All items used to sell, conceal, transport, and use of drugs, along with rent, sale, and papers, pertaining to the owner ship [sic] of the property and all papers and items used in the sale, concealment, transportation, and use of drugs and/or stolen property.

We agree with appellant that the description in the warrant does not meet the particularity requirement of the Fourth Amendment. *Berger v. New York,* 388

U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); *State v. Robinson,* supra. The particularity requirement exists primarily to provide the executing officer with a reasonable degree of certainty concerning the property sought. "A defective description in the warrant may be saved by an adequate description in the affidavit." *State v. Moorman,* 154 Ariz. 578, 583, 744 P.2d 679, 684 (1987); see also 1 W. LaFave & J. Israel, Criminal Procedure § 3.4 at 229 (1984). "For an affidavit to save a defective warrant, it must appear at a minimum that the executing officer had the affidavit with him and referred to it; some courts also require that the affidavit be physically connected to the warrant and that the warrant expressly refer to the affidavit." *Moorman,* 154 Ariz. at 583, 744 P.2d at 684. *Cf. State v. Woratzeck,* 130 Ariz. 499, 637 P.2d 301 (App. 1981).

Here, the warrant specifically stated that the items were "more fully described in the affidavit." That statement clearly incorporates the affidavit descriptions into the search warrant.

■ The trial court took no evidence in connection with appellant's suppression motion. Therefore, it is not clear whether the officer had the affidavit with him when he executed the warrant. The same justice of the peace issued both search warrants in this case. The record is also not clear as to who prepared the second warrant. If the error in not particularly describing the items was made by the justice of the peace and not the police, or if the police acted in good faith in believing they had a valid warrant, then it is possible that suppression may not be required. *Massachusetts v. Sheppard,* 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984); *State v. Moorman,* supra.

Since no evidence was taken, we cannot adequately review the basis for the court's denial of the suppression motion. Thus, we remand for an evidentiary hearing on the motion to suppress and a determination as to whether or not the items were properly seized by the officers.

## IMPEACHMENT OF STATE'S WITNESS

■ Appellant claims that the court erred in not allowing the witness Dial to be impeached with a 1978 California misdemeanor conviction for attempting to receive stolen property. Rule 609(a)(2), Ariz.R. Evid., 17A A.R.S., limits impeachment by misdemeanor convictions to those involving dishonesty or false statements. Our supreme court has held that the phrase "dishonesty or false statement" should be construed narrowly to include only those crimes involving some element of deceit or falsification. *State v. Malloy,* 131 Ariz. 125, 639 P.2d 315 (1981). California Penal Code § 496(1) (West 1988) defines the offense as attempting to buy, conceal or receive property known to be stolen. See *People v. Katz,* 47 Cal.App.3d 294, 120 Cal.Rptr. 603 (1975). We find no abuse of discretion in the court's refusal to allow use of the impeachment in this case. *State v. Mount,* 149 Ariz. 394, 719 P.2d 280 (App. 1986).

## DENIAL OF ADDITIONAL INVESTIGATOR

■ The court appointed an investigator to assist appellant. Appellant's counsel interviewed the witness Carl Dial, and the investigator assisted in all other pre-trial investigation for appellant. The court denied appellant's additional request either to allow the investigator to go to California or to appoint a California investigator to further investigate Dial's background. Appellant claims the court erred in so ruling but has shown no prejudice as a result of the denial.

■ The trial court may appoint an investigator upon motion of a defendant, but that decision is within the sound discretion of the trial court and is not subject to reversal on appeal unless the appellant establishes that he was substantially prejudiced by the court's ruling. *State v. Lamar,* 144 Ariz. 490, 698 P.2d 735 (App. 1984); see also *Mason v. Arizona,* 504 F.2d 1345 (9th Cir.1974), *cert. denied,* 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412 (1975).

This is not a capital case. We find no prejudice and no abuse of discretion.

## SUFFICIENCY OF EVIDENCE ON FINDING OF PRIOR FELONY CONVICTION

■ Since appellant questions its sufficiency, we review the evidence presented to the jury by the state to prove the prior Texas conviction. The state called Harry Klutts, a probation officer from Beaumont, Texas, to testify to the fact that one of the probationers under his supervision in 1975 was a person by the name of Claude Thomas Terrell. The probation officer, however, was unable to identify the appellant as the person who had received the prior felony conviction in Texas. The officer instead identified the co-defendant as his former charge. The state introduced into evidence a certified copy of the Texas judgment which also contained the probation conditions. No fingerprints, photograph, or other written description of appellant was contained in the judgment.

■ In order to prove a prior conviction, the state must show positive identification of the accused as the same person who was previously convicted as well as proof of the conviction itself. *State v. Pennye*, 102 Ariz. 207, 427 P.2d 525 (1967). Mere identity of the defendant's name with that of the individual with the prior conviction is insufficient to show the actual identity of that person. *State v. Forteson*, 8 Ariz.App. 468, 447 P.2d 560 (1968). The state has the same burden of proof, that is, beyond a reasonable doubt, in establishing the prior conviction. *State v. Pennye*, supra.

The state contends that because appellant's name is unusual and because one of the probation conditions of the Texas conviction was that the defendant remain within Maricopa or "Penal [sic] Counties, Arizona," the jury could find beyond a reasonable doubt that appellant was the person convicted. The state also contends that because the description of the man on probation in Texas was comparable to the description of appellant at the time he was arrested, the evidence was sufficient to permit the jury to find the prior conviction beyond a reasonable doubt. We disagree. The evidence presented was insufficient to support the jury's finding. We agree that a prior conviction can be proved by many different forms of evidence. The problem here, however, is that assuming all the evidence the state presented was true, it was still insufficient to prove the prior conviction beyond a reasonable doubt. We reverse the finding of a prior conviction.

We remand and direct the court to conduct a suppression hearing. If the court grants the suppression motion, then a new trial must be granted. If the court denies the motion to suppress, then the conviction is affirmed, and the appellant is to be re-sentenced based on our finding that the state failed to prove the prior conviction.

Remanded with directions.

LIVERMORE, P.J., and ROLL, J., concur.