123 P.3d 1153

STATE of Arizona, Appellant,

v.

Andrew Joel GAYNOR–FONTE, Appellee.

No. 1 CA–CR 04–0755.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 6, 2005.

Review Denied April 20, 2006.

---

Matthew J. Smith, Mohave County Attorney by Gregory A. McPhillips, Deputy County Attorney, Kingman, Attorneys for Appellant.

Dana P. Hlavac, Mohave County Public Defender by Jill L. Evans, Deputy Public Defender Attorneys for Appellee.

## OPINION

SNOW, Judge.

¶1 The State of Arizona appeals from a trial court order dismissing an information charging defendant, Andrew Joel Gaynor–Fonte, with one count of aggravated domestic violence, a class 5 felony.

¶2 The sole issue on appeal is whether, pursuant to Arizona Revised Statutes ("A.R.S.") section 13–3601.02 (2001), the charge of aggravated domestic violence requires proof of two prior domestic violence *convictions,* or merely two prior domestic violence *offenses* whether or not they had been previously charged or proved. For reasons set forth below, we agree with the trial court that § 13–3601.02 requires proof of two or more convictions to support a charge of aggravated domestic violence.

### FACTUAL AND PROCEDURAL HISTORY

¶3 On August 25, 2004, police arrested Gaynor–Fonte and the State charged him by information with one count of felony aggravated domestic violence pursuant to § 13–3601.02. Pursuant to that statute, a third charge for a domestic violence offense within five years may be charged as a felony. A.R.S. § 13–3601.02(A). The State based its felony charge on Gaynor–Fonte's criminal

history; he had one prior domestic violence conviction from California in 2004 and the State alleged he had also committed "two or more other domestic violence offenses ... within a period of sixty months." However, the State does not allege that Gaynor–Fonte has been charged with or convicted of these previous offenses.

¶4 Prior to trial, Gaynor–Fonte filed a motion to dismiss the charge on grounds of legal insufficiency. He argued that the State could not charge him with aggravated domestic violence because he has only been convicted of one prior domestic violence offense. The State argued that § 13–3601.02(A) only required the State to prove, beyond a reasonable doubt, that two prior offenses occurred, not that Gaynor–Fonte had been convicted of them.

¶5 The trial court rejected the State's arguments and dismissed the felony charge.[1] The trial court voiced concern that adopting the State's analysis would necessarily entitle the State to bring prior bad acts into evidence at trial to prove its case, or that it might allow the State to use offenses for which the statute of limitations has run to secure a subsequent conviction.

¶6 The State timely appealed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 and –4032(1) (2001).

## DISCUSSION

¶7 The parties do not dispute the facts. On appeal, the State contends the trial court misinterpreted the law. It argues that the plain language of § 13–3601.02(A) only requires "proof that defendant committed three domestic violence offenses" within a sixty-month period. We disagree.

¶8 The dispute in this case highlights the ambiguous language in § 13–3601.02(A). The aggravated domestic violence statute provides that:

---

1. Because neither the trial court's minute entry nor the record establish otherwise, the dismissal was without prejudice. Ariz. R.Crim. P. 16.6(d); *see also State ex rel. Jenney v. Superior Court,* 122 Ariz. 89, 90, 593 P.2d 312, 313 (App.1979) (considering rule as previously numbered Ariz. R.Crim. P. 16.5(d) ).

[a] person is guilty of aggravated domestic violence if the person within a period of sixty months *commits a third or subsequent violation of a domestic violence offense* or is *convicted of a violation* of a domestic violence offense and has previously been convicted of any combination of convictions of a domestic violence offense or acts in another state, a court of the United States or a tribal court that if committed in this state would be a violation of a domestic violence offense.

A.R.S. § 13–3601.02(A) (emphasis added). The ambiguity arises over whether the phrase "commits a third or subsequent violation" requires the State to prove prior convictions or merely prior offenses.

¶ 9 Our Arizona Supreme Court has stated that courts may resolve doubt surrounding ambiguous statutes by resorting to statutory interpretation. *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). We "try to determine and give effect to the legislature's intent. . . . In pursuing this goal, we consider the statute's context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purposes." *Id.* (citation omitted).

¶ 10 In 1998, the legislature passed Senate Bill 1175, which amended three domestic violence statutes: §§ 13–3601, –3601.01, and –3601.02. S.B. 1175, 43rd Leg., 2nd Reg. Sess. (Ariz.1998). The amendment did two things that are relevant to this appeal: (1) it introduced an escalating scale of punishment for repeat domestic violence offenders; and (2) it provided that first-time domestic violence offenders receive a warning of the enhanced consequences for subsequent convictions.

¶ 11 The escalated punishment scale provided by the amendment operates as follows: after a first conviction of a misdemeanor domestic violence offense, a judge shall order the defendant to complete a domestic violence offender treatment program. A.R.S. § 13–3601.01(A). In addition, the court must provide written notice to the defendant "found guilty of a first offense included in domestic violence" that a second conviction may result in a term of supervised probation and incarceration as a term of probation.

S.B. 1175; A.R.S. § 13–3601(M)(1) (Supp. 2004). The notice also warns that a third or subsequent charge may be filed as a felony and conviction for that offense will result in mandatory incarceration. S.B. 1175; A.R.S. § 13–3601(M)(2).

¶ 12 Consistent with this mandated warning, the amendment provided the court with the discretion to impose supervised probation on a second conviction for misdemeanor domestic violence within five years with incarceration as a term of that probation. A.R.S. § 13–3601.01(B). It further established that a third conviction results in mandatory incarceration. A.R.S. § 13–3601.02(B).

¶ 13 The State argues the plain language of § 13–3601.02(A) does not require two convictions, but only requires the commission of a third offense. When this section is read in the context of the statute, however, it is clear that the State's reading is incorrect. When we interpret a statute, we examine its individual provisions "in the context of the entire statute" to achieve a consistent interpretation. *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 210 Ariz. 375, 380, ¶ 22, 111 P.3d 417, 422 (App.2005) (citing *Burlington N. and Santa Fe Ry. Co. v. Ariz. Corp. Comm'n*, 198 Ariz. 604, 607, ¶ 15, 12 P.3d 1208, 1211 (App.2000)).

¶ 14 The warning statutorily required after the first offense makes plain that a charge for felony aggravated domestic violence may only follow a second conviction for a domestic violence offense.

> If the defendant is found guilty of a first offense included in domestic violence, the court shall provide the following written notice to the defendant:
>
> You have been convicted of an offense included in domestic violence. You are now on notice that:
>
> 1. If you are *convicted of a second offense* included in domestic violence, you may be placed on supervised probation and may be incarcerated as a condition of probation.
>
> 2. *[A] third or subsequent charge may be filed as a felony* and a conviction for that offense shall result in a term of incarceration.

A.R.S. § 13–3601(M) (emphasis added). Consistent with this warning, the second tier of elevated punishment requires that a defendant be convicted of a second offense before he can be placed on supervised probation with incarceration as a condition of probation. *See* A.R.S. § 13–3601.01(B). The warning statute also makes clear that in order for it to be filed as a felony charge, a third charge for domestic violence must follow *conviction* on a second offense for domestic violence.

¶ 15 Further, while the statutory scheme does not specify sentencing consequences for defendants who have *committed* two prior domestic violence offenses within five years, it does specify sentencing consequences for a defendant who has been *convicted* of two prior domestic violence offenses within five years. Upon a third conviction within five years the defendant "is not eligible for probation, pardon, commutation or suspension of sentence ... until the person has served not less than four months in jail." A.R.S. § 13–3601.02(B). The statute, however, makes no punishment provision for defendants convicted of domestic violence offenses who have been found to have two prior offenses but not two prior convictions. A defendant charged under the statute for prior offenses that had not been reduced to convictions would not be subject to either sentencing provision of § 13–3601.02 because they expressly apply only to defendants with prior convictions.

¶ 16 Read in the context of the statute as a whole it is clear that a defendant can be charged with felony aggravated domestic violence only after a second conviction on a domestic violence charge. We thus reject the State's argument and affirm the trial court's ruling.[2]

## CONCLUSION

¶ 17 For reasons stated above, we find the trial court did not err in dismissing the felony charge in this case. We therefore affirm the dismissal.

2. The State asserts that it can prove during trial that Gaynor–Fonte committed prior domestic violence offenses beyond a reasonable doubt. If

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and JOHN C. GEMMILL, Judge.

so, it is the State's obligation under the statute to obtain a second conviction prior to charging Gaynor–Fonte with felony domestic violence.