IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

FEB 24 2010

COURT OF APPEALS
DIVISION TWO

|  |  |  |
|---|---|---|
| IN RE CASEY G. | )<br>)<br>)<br>)<br>)<br>)<br>) | 2 CA-JV 2009-0109<br>DEPARTMENT B<br><br>O P I N I O N |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. 191354-01

Honorable Sarah R. Simmons, Judge

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Barbara LaWall, Pima County Attorney                                     Tucson
  By Dale Cardy                                                 Attorneys for State


Robert J. Hirsh, Pima County Public Defender                            Tucson
  By Susan C. L. Kelly                                        Attorneys for Minor

B R A M M E R, Judge.

¶1          Pursuant to a plea agreement, the minor appellant, Casey G., was adjudicated delinquent after admitting a charge of sexual conduct with a minor under fifteen, a class two felony committed in violation of A.R.S. § 13-1405. The delinquency

petition alleged the offense was a dangerous crime against children.[1] Between the time of his adjudication and disposition hearings, Casey moved to strike the dangerous-crime-against-children allegation. The juvenile court denied the motion and, at disposition, ordered Casey placed on juvenile intensive probation supervision for a minimum of eighteen months. The sole issue raised on appeal is whether the juvenile court erred in refusing to strike the allegation that Casey's offense was a dangerous crime against children as that term is defined in A.R.S. § 13-705(P)(1)(e). The proper interpretation of § 13-705 is a pure question of law, which we review de novo. *See State v. Sepahi*, 206 Ariz. 321, ¶ 2, 78 P.3d 732, 732 (2003); *In re Reymundo F.*, 217 Ariz. 588, ¶ 5, 177 P.3d 330, 332 (App. 2008).

¶2        In interpreting a statute, our goal is to ascertain and give effect to the legislative intent behind the statute. *Mejak v. Granville*, 212 Ariz. 555, ¶ 8, 136 P.3d 874, 876 (2006). The best indicator of that intent is the language of the statute itself. *Id.; In re Jessi W.*, 214 Ariz. 334, ¶ 15, 152 P.3d 1217, 1220 (App. 2007). "When the language of the statute is clear and unambiguous, this Court need go no further to ascertain the legislative intent." *Mejak*, 212 Ariz. 555, ¶ 8, 136 P.3d at 876. Because the

---

[1]The delinquency petition, filed on July 7, 2009, did not allege § 13-705 among the list of statutes Casey was charged with violating. Although it cited A.R.S. § 13-604.01, the predecessor to § 13-705, § 13-604.01 was repealed, 2008 Ariz. Sess. Laws, ch. 301, § 18, effective "from and after December 31, 2008." *Id.* § 120. Simultaneously, its substantive provisions were transferred to and renumbered as § 13-705. 2008 Ariz. Sess. Laws, ch. 301, §§ 17(A), 119, 120. Casey has not raised this issue, either below or on appeal, and we do not address it.

language of § 13-705 is clear and unambiguous, we conclude the juvenile court erred as a matter of law.

¶3        Section 13-705 prescribes enhanced prison sentences in the adult context for persons convicted of dangerous crimes against children. A "[d]angerous crime against children" is defined in § 13-705(P)(1), as any of a list of offenses enumerated in subsections (a) through (u) of that section, when those particular crimes are "committed against a minor . . . under fifteen years of age"—as Casey's victim was in this case. However, by the statute's own terms, the dangerous-crimes-against-children designation exists only "[f]or the purposes of" § 13-705. § 13-705(P). It thus applies only to enhance the sentences of "person[s] who [are] at least eighteen years of age or who ha[ve] been tried as an adult and who [are] convicted of a dangerous crime against children." § 13-705(B), (C)-(F), (J); *see also* § 13-705(A) ("person who is at least eighteen years of age and who is convicted of a dangerous crime against children").

¶4        There is no dispute that Casey is younger than eighteen and was not tried as an adult, and the state acknowledges he therefore is not currently susceptible to the operation of § 13-705. But it contends that classifying the present offense as a dangerous crime against children would allow the offense to serve "as a predicate felony" in the event Casey subsequently should commit "an eligible offense after his eighteenth birthday." *See* § 13-705(P)(2) (defining predicate felony).

¶5        The state is mistaken, however, because all applicable subsections of § 13-705 that refer to a "predicate felony" or felonies require the person whose sentence

is being enhanced under § 13-705 "ha[ve] been previously convicted" of the predicate crime or crimes. § 13-705(C)-(F), (I), (K); *see also* § 13-705(G) ("has previously been convicted"). And a delinquency adjudication is not the same as a criminal conviction; the two are qualitatively different. *See David G. v. Pollard ex rel. Pima County*, 207 Ariz. 308, ¶ 25, 86 P.3d 364, 369 (2004) ("[A] determination that [a] juvenile committed a delinquent act is not considered to be a criminal conviction."). As A.R.S. § 8-207(A) provides:

> Except as provided by [A.R.S.] § 13-904, subsection H, [A.R.S.] § 13-2921.01, [A.R.S.] § 17-340 or [A.R.S.] §§ 28-3304, 28-3306 and 28-3320, an order of the juvenile court in proceedings under this chapter shall not be deemed a conviction of crime, impose any civil disabilities ordinarily resulting from a conviction or operate to disqualify the juvenile in any civil service application or appointment.

Consequently, no court could ever find that, as a result of the present adjudication of delinquency, Casey "has been previously convicted" of the underlying crime. *See In re Fernando C.*, 195 Ariz. 233, ¶ 5, 986 P.2d 901, 902 (App. 1999) (word "convicted" in statute does not encompass minor's delinquency adjudication). Rather, Casey's offense is a "[d]elinquent act," defined in A.R.S. § 8-201(10) as "an act by a juvenile that if committed by an adult would be a criminal offense."[2]

---

[2] Exceptions to this definition appear in A.R.S. § 13-501, which sets out the circumstances under which juveniles shall or may be prosecuted as adults. Hence, § 8-201(10) also provides that a "[d]elinquent act does not include an offense under § 13-501, subsection A or B if the offense is filed in adult court." None of the exceptions identified in § 13-501 is applicable under the circumstances present here.

4

¶6 Our legislature has repeatedly recognized the distinction between a delinquency adjudication and a criminal conviction. *See, e.g.*, § 13-904(A) (providing for suspension of various civil rights following felony conviction, including, in § 13-904(A)(5), "right to possess a gun or firearm"); § 13-904(H) (separately preventing juveniles "adjudicated delinquent . . . for a felony" from "carry[ing] or possess[ing] a gun or firearm"); § 13-2921.01(D) (defining "convicted" for purposes of § 13-2921.01 as including either "convict[ion] of" or delinquency adjudication for domestic violence offense); A.R.S. § 13-3101(7)(b) (defining prohibited possessor to include persons "convicted . . . of a felony or . . . adjudicated delinquent for a felony"); A.R.S. § 13-3821(A), (D) (requiring sex-offender registration by persons convicted of certain offenses and, in separate subsection, permitting court to require registration by persons adjudicated delinquent for those offenses); § 17-340(A), (B) (prescribing penalties for wildlife violations "[u]pon conviction or after adjudication as a delinquent juvenile"); § 28-3304(C) (defining "conviction" to include specifically "a final adjudication or judgment, including an order of a juvenile court finding that a juvenile violated any provision of this title or committed a delinquent act that if committed by an adult would constitute a criminal offense"); § 28-3320(E) (same as § 28-3304(C)).

¶7 Thus, had the legislature intended the definition of a "predicate felony" for purposes of § 13-705 also to include delinquency adjudications for acts that otherwise would constitute dangerous crimes against children if committed by an adult, we can assume it would have expressly so provided. *See State v. Zinsmeyer*, 222 Ariz. 612, ¶ 31,

5

218 P.3d 1069, 1081(App. 2009) (court presumes legislature expresses what it intends). Accordingly, we reverse the juvenile court's ruling denying Casey's motion to strike and remand the case with instructions to grant the motion and to excise from the record any references designating Casey's offense as a dangerous crime against children. In all other respects, we affirm the juvenile court's orders of adjudication and disposition.

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Judge