IN THE

# ARIZONA COURT OF APPEALS
### DIVISION TWO

IN RE C.D.

No. 2 CA-JV 2015-0183
Filed June 22, 2016

Appeal from the Superior Court in Pima County
No. JV18236702
The Honorable K.C. Stanford, Judge

**AFFIRMED**

COUNSEL

Barbara LaWall, Pima County Attorney
By Kara Crosby and Jacob R. Lines,
Deputies County Attorney, Tucson
*Counsel for State*

Steven R. Sonenberg, Pima County Public Defender
By Susan C. L. Kelly and Sarah L. Mayhew,
Assistants Public Defender, Tucson
*Counsel for Minor*

**OPINION**

Judge Staring authored the opinion of the Court, in which Presiding
Judge Howard and Judge Espinosa concurred.

S T A R I N G, Judge:

¶1          Appellant C.D. contends the juvenile court erred in adjudicating him delinquent on a felony charge of shoplifting pursuant to A.R.S. § 13-1805(I), based on his having committed two or more previous shoplifting offenses.  C.D. argues the statute cannot constitutionally apply to juveniles because it does not state that prior shoplifting adjudications may be used as predicate offenses for the felony classification.  He also challenges the sufficiency of the evidence to support the court's finding that he had two prior delinquency adjudications based on shoplifting and had therefore committed those offenses.  We affirm for the reasons stated below.

## Factual and Procedural Background

¶2          The evidence presented at the adjudication hearing established C.D. and his codefendants had entered a Tucson convenience store, taken beer, and left without paying.  In February 2015, the state charged C.D. by delinquency petition with two counts of shoplifting and one count of being a minor in possession of spirituous liquor.  Pursuant to § 13-1805(I), the state charged count one of the petition as a class four felony based on C.D. having "previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery, organized retail theft or theft."  C.D. moved to dismiss the felony charge arguing § 13-1805(I) does not apply to juveniles because it does not state that it applies to previous delinquency adjudications. The court denied the motion after a hearing.

¶3          At the adjudication hearing, the state presented and the juvenile court admitted over C.D.'s objection, certified copies of minute entries from two disposition hearings establishing C.D. had been adjudicated delinquent twice previously based on his having committed shoplifting four times.  After further briefing on the question whether the state had sustained its burden of proving at least two previous shoplifting offenses, the court found C.D. responsible on all charges as alleged.  Following a disposition

hearing, the court placed C.D. on juvenile intensive probation supervision until his eighteenth birthday.[1]  This appeal followed.

**Discussion**

**¶4**        Section 13-1805(A) defines the offense of shoplifting, ordinarily a class one misdemeanor.  *See* A.R.S. § 13-1805(H) ("Shoplifting property valued at less than one thousand dollars is a class 1 misdemeanor.").  Section 13-1805(I) provides that "[a] person . . . who commits shoplifting and who has previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery, organized retail theft or theft is guilty of a class 4 felony."   Absent from the statute is any explicit reference to prior delinquency adjudications.

**¶5**        C.D. contends that if the legislature had wanted to include prior delinquency adjudications in § 13-1805(I), it would have done so, just as it has in analogous circumstances.  *See, e.g.,* A.R.S. §§ 13-3101(7)(b) (defining prohibited possessor to include person "who has been adjudicated delinquent for a felony and whose civil right to possess or carry a gun or firearm has not been restored"); 13-3821(D) (permitting court to require person "adjudicated delinquent for an act that would constitute an offense specified" in other subsection of statute to register as sex offender); 28-3320(E) (providing that for purposes of driver license suspension conviction includes "an order of the juvenile court finding that a juvenile violated any provision of this title or committed a delinquent act that if committed by an adult would constitute a criminal offense").  C.D. also cites § 13-1805(E) as support for his contention that the legislature deliberately omitted delinquency adjudications from § 13-1805(I).  Section 13-1805(E) provides that a parent or guardian of a minor who commits shoplifting may be held responsible for damages resulting from the offense, which, C.D.

---

[1]Although C.D. reached the age of eighteen years while this appeal was pending, the issues raised in this appeal are not moot, since a finding that he committed a class four felony could affect him in the future.  *See In re Themika M.*, 206 Ariz. 553, ¶¶ 14-15, 81 P.3d 344, 346-47 (App. 2003).

argues, demonstrates the legislature was aware of the distinction between juvenile and adult offenders in the shoplifting context.

¶6        Statutory interpretation presents a question of law, which we review de novo. *See In re Casey G.*, 223 Ariz. 519, ¶ 1, 224 P.3d 1016, 1017 (App. 2010).  In interpreting a statute, we must ascertain and give effect to the legislature's intent in enacting it. *Id.* ¶ 2.  "The best indicator of that intent is the language of the statute itself."  *Id.*  If the language is plain and unambiguous, we need not employ principles of construction to determine its meaning and the legislature's intent.  *See State v. Lee*, 236 Ariz. 377, ¶ 16, 340 P.3d 1085, 1090 (App. 2014).

¶7        C.D. correctly points out that the legislature did not expressly state in § 13-1805(I) that prior delinquency adjudications may serve as a basis for the offense of felony shoplifting.  He is also correct that delinquency adjudications are not the same as convictions. *See Casey G.*, 223 Ariz. 519, ¶¶ 5-6, 224 P.3d at 1017-18.  The legislature did specify, however, that "previously committed" shoplifting offenses may serve as predicate offenses.  The statute is clear.  Based on its plain language, including the use of the disjunctive, a person who commits shoplifting and has been convicted of two or more of the specified offenses within the past five years or has *committed* two or more such offenses within that period, is guilty of a class four felony.  Section 13-1805(I) is a repetitive offender statute that plainly applies to adults whose acts may have but did not necessarily result in convictions, as well as juveniles, regardless of whether their acts resulted in delinquency adjudications.  The fact that in other statutes the legislature has specified delinquency adjudications and could have done so here does not make § 13-1805(I) unclear.

¶8        C.D. relies on *State v. Gaynor-Fonte*, 211 Ariz. 516, 123 P.3d 1153 (App. 2005), for the proposition that "committed" must mean "convicted" and to interpret § 13-1805(I) any other way, as the juvenile court did, renders it unconstitutionally vague.  But A.R.S. § 13-3601.02(A), at issue in *Gaynor-Fonte*, was part of an interrelated statutory scheme pertaining to domestic-violence offenses.  And, although § 13-3601.02(A) provides the offense is aggravated if the person "commits a third or subsequent" domestic-

violence offense within a specified period or has prior domestic-violence convictions, other parts of that statute, as well as the related statutes, plainly require previous convictions. *See* §§ 13-3601.01(B), 13-3601.02(B); *Gaynor-Fonte*, 211 Ariz. 516, ¶¶ 13-16, 123 P.3d at 1155-56. The use of the terms "commits" and "convicted" in § 13-3601.02(A) is not plain and straightforward as it is in § 13-1805(I). *Gaynor-Fonte* is therefore distinguishable, and we do not find it persuasive here.

¶9        C.D. also contends that in the absence of the word "adjudication," "committed" must be the equivalent of "convicted." He insists that if we interpret the statute otherwise, as the juvenile court did, it is "impermissibly aimed at unproven acts that are merely alleged and have not been subjected to the requisite finding of proof beyond a reasonable doubt." C.D. argues that by interpreting the statute to permit unproven acts to be a sufficient basis for felony shoplifting, the juvenile court violated his due process rights under the state and federal constitutions, an error he claims cannot be regarded as harmless. We disagree.

¶10        First, statutes are "to be given such an effect that no clause, sentence or word is rendered superfluous, void, contradictory, or insignificant." *Marlar v. State*, 136 Ariz. 404, 411, 666 P.2d 504, 511 (App. 1983); *see also State v. Kozlowski*, 143 Ariz. 137, 138, 692 P.2d 316, 317 (App. 1984) (legislature does not enact statutes containing provisions that are redundant or trivial). Thus, "committed" and "convicted" cannot refer to the same thing; rather, the legislature's use of these two distinct words reflects its intent to include more than just adults previously convicted of two or more of the specified offenses. By including the term "committed," the legislature was able to include juveniles who have perpetrated one of the specified offenses, including shoplifting, a delinquent act, whether the juvenile was adjudicated delinquent or not. *See* A.R.S. § 8-201(11) (defining delinquent act as, inter alia, "an act by a juvenile that if committed by an adult would be a criminal offense or a petty offense").

¶11        Second, § 13-1805(I) requires proof of additional elements, in this instance proof C.D. committed two or more of the qualifying offenses within the past five years, in order for the

offense of shoplifting to be a class four felony. *Cf. State v. Brown*, 204 Ariz. 405, ¶ 17, 64 P.3d 847, 851 (App. 2003) (state must prove as additional elements of offense that person entered store "with something he or she intended to [use to] facilitate the shoplifting" to establish person committed felony-facilitated shoplifting under § 13-1805(I)). The juvenile court required the state to prove those elements of the offense beyond a reasonable doubt, just as it did with respect to the primary offense of shoplifting. Thus, as it was applied to him, the statute did not violate C.D.'s due process rights by permitting unproven acts to be the basis for designating the offense as a class four felony. As discussed below, the state sustained that burden by proving C.D. had two previous delinquency adjudications based on shoplifting, which necessarily constitutes proof beyond a reasonable doubt that he committed the offenses. We see no error in the juvenile court's interpretation and application of the statute, nor did the court violate C.D.'s due process rights.

¶12          C.D. next contends that, in addition to the fact that he had not been "convicted of any offense," the state did not sustain its burden of proving beyond a reasonable doubt that he had committed two previous shoplifting offenses. He argues that although the state introduced and the court admitted, over his objection, two minute entries showing a person had been adjudicated delinquent based on those offenses, it did not introduce identifying evidence, such as a thumbprint or signature establishing he was the person referred to in the minute entries.

¶13          "In reviewing the juvenile court's adjudication of delinquency, we review the evidence and resolve all reasonable inferences in the light most favorable to upholding its judgment." *In re Jessi W.*, 214 Ariz. 334, ¶ 11, 152 P.3d 1217, 1219 (App. 2007). In the analogous situation of sentence enhancement in adult prosecutions based on prior felony convictions, the state must "'submit positive identification establishing that the accused is the same person who previously was convicted.'" *State v. Bennett*, 216 Ariz. 15, ¶ 2, 162 P.3d 654, 655 (App. 2007), *quoting State v. Cons*, 208 Ariz. 409, ¶ 16, 94 P.3d 609, 615 (App. 2004). Authenticated documents such as certified minute entries from court records may

be proper evidence that a person previously committed an offense. *See Cons*, 208 Ariz. 409, ¶ 18, 94 P.3d at 616 (certified copies of court records "proper, self-authenticated documents that are properly offered in support of an allegation of prior convictions").

¶14        The juvenile court did not err in finding the state sustained its burden here.  Not only did the state introduce certified copies of the minute entry orders showing the prior adjudications for shoplifting, but the probation officer identified C.D. at the hearing and testified he was C.D.'s current probation officer and had been his probation officer "on his first term of probation," imposed in connection with two prior shoplifting adjudications.    The probation officer testified he was the one who had prepared the probation revocation report in connection with the previous probationary terms.

¶15        This was the kind of information that was not presented in two of the cases upon which C.D. relies, *State v. Pennye*, 102 Ariz. 207, 427 P.2d 525 (1967), and *State v. Terrell*, 156 Ariz. 499, 753 P.2d 189 (App. 1998), *superseded by statute on other grounds, as recognized in Cons*, 208 Ariz. 409, ¶ 9, 94 P.3d at 613.  Here, unlike in *Pennye*, 102 Ariz. at 208, 427 P.2d at 526, identity was established by more than just a similar name linking C.D. to the instant charge as well as to the prior offenses and adjudications.  And, unlike in *Terrell*, 156 Ariz. at 503, 753 P.2d at 193, the probation officer here was able to identify C.D., the person in the courtroom facing the instant charges, as the same person he was supervising for a probationary term imposed for prior shoplifting offenses.  In addition, as the juvenile court noted, the court file included the prior adjudications.

**Disposition**

¶16        The juvenile court did not err in adjudicating C.D. delinquent on, inter alia, the charge of felony shoplifting based on his having committed shoplifting on two prior occasions. We therefore affirm the adjudication.