IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2002-0333 |
| Appellee, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| MARK ANTHONY CONS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CR-200200170

Honorable Kelly Marie Robertson, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
 By Randall M. Howe and Jase Steinberg,
   a student certified pursuant to Rule 38,
   Ariz. R. Sup. Ct.,  17A A.R.S.
                                                                                        Phoenix
                                                                        Attorneys for Appellee

Harriette P. Levitt                                                                    Tucson
                                                                        Attorney for Appellant

E S P I N O S A, Acting Presiding Judge.

¶1          Appellant Mark Anthony Cons was charged with forgery, a class four felony.

Pursuant to A.R.S. § 13-604, the State of Arizona alleged that Cons had two prior felony

convictions for sentence enhancement purposes. A jury found Cons guilty of the charged offense, and the trial court found, after a separate bench trial, that the state had proved the prior felony convictions. The trial court then sentenced Cons to the presumptive prison term of ten years. On appeal, Cons contends the court erred by granting the state's request to amend the allegation of prior convictions. He also contends the court applied an incorrect standard of proof at the trial on prior convictions and claims there was insufficient evidence to support its determination based on the correct standard. Finding no error, we affirm.

**Background**

¶2        In March 2002, the state alleged that Cons had been convicted of two felonies as follows:

> On May 6, 1998, the defendant committed the crime of Attempted Aggravated Assault, a felony, and on or about June 30, 1999, the defendant was convicted of that crime in the Superior Court of Maricopa County, Arizona, in Cause Number 98007139.
>
> On December 23, 1998, the defendant committed the crime of Aggravated Assault, a class 6 felony, and on or about December 23, 1998, the defendant was convicted of that crime in the Superior Court of Pinal County, Arizona, in Cause Number 99025078.

After the jury found Cons guilty of forgery on July 30, 2002, the trial court set a bench trial on the prior-convictions allegation for August 12, although it was apparently anticipated that Cons would be admitting to the allegations. We do not have the transcript from that hearing, Cons having failed to designate it as part of the record on appeal, Rule 31.8(b)(3), Ariz. R. Crim. P., 17 A.R.S., but the trial court's August 12 minute entry reflects that the court

continued the prior convictions trial after defense counsel advised the court that Cons would not be admitting the allegations. At that time, the state obtained Cons's fingerprints, marked for identification purposes exhibits related to the prior convictions, and then moved to amend the indictment to correct errors regarding the dates of the convictions and to add the class of felony as to one conviction. The court granted the motion but ordered the state to file the amended allegations, giving Cons time to object. The following day, the state filed a Motion to Amend Historical Priors in which it requested the following amendments: changing the conviction date in the Maricopa County matter from June 30, 1999, to August 13, 1998, and adding the felony class of four; changing the conviction date in the Pinal County matter from December 23, 1998, to March 15, 1999. The allegation was amended accordingly.

**Discussion**

**a. Amendment of Alleged Priors**

¶3        Cons contends the trial court committed "reversible error" by permitting the amendment of the allegation of prior felony convictions, insisting the allegation was "fatally defective" and violated his "constitutional right to due process" because the state had alleged convictions "[that] had not occurred on the dates contained in the pleading." But nothing in the record shows that Cons objected to the amendment, nor does he claim in his opening brief that he objected.[1] Therefore, we review the trial court's decision to allow the allegation to be

---

[1]Although we do not have the transcript from the August 12, 2002, hearing, the minute entry from that hearing does not state that Cons objected and there is no written objection in the record. Cons intimates in his reply brief that his objection to the exhibits supporting the prior convictions was also an objection to the amendment. He claims that "it is clear from

amended for fundamental error. *See generally State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991) (failure to raise objection in trial court waives all but fundamental error). Although Cons uses words like "fatally defective," "reversible error," and "constitutional right," he does not specifically argue that the error is fundamental, that is, "error [that] goes to the foundation of the case or deprives [him] of an essential right to his defense." *State v. White*, 160 Ariz. 24, 31, 770 P.2d 328, 335 (1989). But even if we were to construe his arguments as tantamount to a claim that the error was fundamental, the claim is meritless.

¶4        The charges in an indictment and the allegations of a prior conviction are not procedural or substantive equivalents. *See State ex rel. McDougall v. Crawford*, 159 Ariz. 339, 767 P.2d 226 (App. 1989). As Division One of this court pointed out in *McDougall*,

> the charging of a substantive offense in a count of an information or complaint cannot be considered as the equivalent of an allegation of a prior conviction. . . . In this connection, we note that changes in an information or complaint relating to allegations of prior convictions as opposed to changes in the charges in the counts of a complaint or information are not treated similarly in the Arizona Rules of Criminal Procedure.

*Id*. at 342, 767 P.2d at 229. The court correctly noted that Rule 13.5, Ariz. R. Crim. P., 16A A.R.S., distinguishes in subsections (a) and (b) between the amendment of a charging document to add sentence enhancement allegations and amendments to actual charges. The rule "gives the prosecutor discretion to add allegations of prior convictions within the time limits

---

[his] objection to [the exhibits] . . . that his defense to the allegation was based on the State's failure to properly identify the convictions which it intended to use for enhancement." That objection to the exhibits was not an objection to the amendment, particularly not on the ground Cons raises on appeal.

prescribed by Rule 16.1(b), [Ariz. R. Crim. P., 16A A.R.S.,] but precludes the adding of substantive charges in the counts set forth in a complaint or information." *McDougall*, 159 Ariz. at 342, 767 P.2d at 229. And, subsection (b) contains additional limitations on when charges may be amended that are not contained in subsection (a), which applies to adding enhancement allegations. *See* Ariz. R. Crim. P. 13.5(b) (unless defendant consents, charge may be amended "only to correct mistakes of fact or remedy formal or technical defects"; charging document deemed amended to conform to evidence). Consequently, Cons's reliance on Rule 13.5(b) and *State v. Jonas*, 26 Ariz. App. 379, 548 P.2d 1191 (1976), is misplaced because both relate to the amendment of actual charges.

¶5       Nor is Cons's reliance on *State v. Benak*, 199 Ariz. 333, 18 P.3d 127 (App. 2001), availing. Based on notions of fundamental fairness and due process, Division One concluded in that case that A.R.S. § 13-604.04, which applies to enhanced sentencing for violent offenses, applies to A.R.S. § 13-901.01, which provides mandatory probationary terms and other sentencing restrictions for certain drug-related offenses. Thus, the state must give notice to a defendant if it is seeking to enhance the defendant's sentence with a prior conviction for a violent crime pursuant to § 13-901.01(B). The court found that although the state's allegation that the defendant had prior, non-dangerous felonies and its disclosure regarding the same gave the defendant sufficient notice that the state was seeking to enhance the sentence pursuant to § 13-604, it was not sufficient notice of the state's intent that the defendant be ineligible for probation because of his prior commission of a violent offense. The state's allegation referred to certain subsections of § 13-604, but it did not specifically

5

refer to § 13-604.04, nor did it mention "violent crime." Thus, *Benak* essentially involved the absence of a specific enhancement allegation, not, as here, the amendment of an allegation that provided ample notice of precisely which prior offenses the state was relying on to enhance the sentence.

¶6        Finally, and perhaps most importantly, by amending the allegation to change the dates of conviction and specify the class of felony, the court did not so alter the nature of the allegation that Cons was deprived of the notice to which he was entitled.  The dates of the offenses were the same, and Cons had ample notice of precisely which prior convictions the state was alleging.  *See State v. Waggoner*, 144 Ariz. 237, 697 P.2d 320 (1985) (constitutional principles of due process entitle defendant to notice of range of potential sentence before trial); *Benak*, 199 Ariz. 333, ¶ 16, 18 P.3d at 131, *quoting State v. Bayliss*, 146 Ariz. 218, 219, 704 P.2d 1363, 1364 (App. 1985) ("Notice . . . must be such that the defendant is not 'misled, surprised or deceived in any way by the allegations' of prior convictions."); *State v. Rodgers*, 134 Ariz. 296, 655 P.2d 1348 (App. 1982) (allegations of prior convictions must be made before trial to give defendant notice of potential enhancement); *see also* § 13-604(P) (prescribing statutory procedures for notifying defendant that state seeks enhanced penalty).  Indeed, it was readily apparent from the face of the state's allegations that there was a clerical error with respect to the Pinal County case because Cons could not have committed the offense on December 23, 1998, and been convicted of the charge the same day.  The amendment reflected changes that were immaterial; Cons was not

6

deprived of his due process rights, and the trial court did not err, fundamentally or otherwise, in permitting the state to amend its allegation of prior convictions.

### b. Standard of Proof

¶7     Cons next contends that the trial court was required to find the state had proven the prior convictions beyond a reasonable doubt and that the evidence presented did not satisfy that standard.  Cons intimates the evidence was insufficient because (1) there was insufficient foundation for the court's admission of the state's exhibits into evidence, which were certified copies of the convictions and related documents; (2) the court improperly relied on the fact that Cons had been willing to admit to the prior conviction at one point; and (3) the court shifted the burden to him to show that an appeal or other post-conviction challenge had been successful as to the convictions or that he had been pardoned, rather than imposing on the state the burden of showing the cases had not been successfully challenged.

¶8     The trial court did not articulate what standard of proof it had applied in finding the state had proven the prior convictions.  But, we disagree with Cons that the court was required to find beyond a reasonable doubt that he had been convicted of the two felonies alleged before the court could enhance his sentences.[2]  Our conclusion is based on the history of § 13-604(P), as well as the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny.

---

[2]Sentence enhancement, of course, is not the same as sentence aggravation.  "Sentence enhancement elevates the entire range of permissible punishment while aggravation and mitigation raise or lower a sentence within that range."  *State v. Alvarez*, 205 Ariz. 110, n.1, 67 P.3d 706, 708 n.1 (App. 2003).

7

¶9        Before the legislature amended § 13-604 in 1996, subsection (P) had provided that, unless admitted by the defendant, the "trier of fact" was required to decide the issue of prior convictions for sentence enhancement purposes. *See* 1996 Ariz. Sess. Laws, ch. 34, § 1. The statute now states that the enhancement provision applies if "the previous conviction . . . is . . . admitted or found by the court." The case law that developed before the statute was amended automatically ascribed to the state the burden of proving beyond a reasonable doubt that the defendant had prior felony convictions as alleged. *See, e.g., State v. Pennye*, 102 Ariz. 207, 427 P.2d 525 (1967); *State v. Wilson*, 179 Ariz. 17, 875 P.2d 1322 (App. 1993); *State v. Terrell*, 156 Ariz. 499, 753 P.2d 189 (App. 1988); *State v. Grijalva*, 137 Ariz. 10, 667 P.2d 1336 (App. 1983). However, as our supreme court stated in *State v. Hurley*, 154 Ariz. 124, 132, 741 P.2d 257, 265 (1987), it "[a]pparently" had never analyzed the question of the burden of proof on such an allegation, "evidently assuming that because the issue of prior convictions was tried to a jury, proof beyond a reasonable doubt was required." Even assuming the heightened standard had been correct in the first place, the question remains whether that is the state's burden still, in light of the statutory amendment requiring the court to decide the issue, unless admitted, and given the Supreme Court's decision in *Apprendi*. We think not.

¶10        In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at

490, 120 S. Ct. at 2362-63, 147 L. Ed. 2d at 455.[3] The Court's exception of prior convictions was based in large part on its discussion on the nature of recidivist sentencing statutes in *Almendarez-Torres v. United States*, 523 U.S. 224, 244, 118 S. Ct. 1219, 1231, 140 L. Ed. 2d 350, 368 (1998), and its conclusion in that case that "recidivism 'does not relate to the commission of the offense, but goes to the punishment only,'" *quoting Graham v. West Virginia*, 224 U.S. 616, 629, 32 S. Ct. 583, 588, 56 L. Ed. 917, 923 (1912). Section 13-604(P) is constitutional and is consistent with *Apprendi* insofar as it allows the court, rather than a jury, to decide the allegation of prior convictions. *See State v. Canez*, 202 Ariz. 133, ¶ 80, 42 P.3d 564, 588 (2002) ("[W]hatever the impact of *Apprendi* on *Walton* [*v. Arizona*, 497 U.S. 639, 110 S. Ct. 3047, 111 L. Ed. 2d 511 (1990)], it is clear that prior convictions may be found by the court."). But that does not answer the question of what standard of proof applies to an allegation of prior convictions.

¶11        In excepting prior convictions from its holding, the *Apprendi* Court, discussing *Almendarez-Torres*, noted that because the defendant's guilt necessarily had been proven to a jury beyond a reasonable doubt during the trial on that offense, the required procedural safeguards have been met and the Sixth Amendment concerns have been mitigated. The Court reasoned in *Apprendi* that "there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury

---

[3]In *Blakely v. Washington*, No. 02-1632, 2004 WL 1402697 (U.S. June 24, 2004), the Supreme Court's most recent decision dealing with the *Apprendi* doctrine, the Court left unchanged that portion of *Apprendi* excepting the fact of a prior conviction from the rule that a jury must find certain facts that affect the length of a sentence.

9

trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." 530 U.S. at 496, 120 S. Ct. at 2366, 147 L. Ed. 2d at 458-59. Implicit in the Court's exception of prior convictions from the requirement that a jury determine beyond a reasonable doubt any fact that increases the penalty for a crime beyond the statutory maximum is that something other than that heightened standard can apply.

¶12        In *Harris v. United States*, 536 U.S. 545, 556, 122 S. Ct. 2406, 2413-14, 153 L. Ed. 2d 524, 537 (2002), the Court upheld as constitutional a federal statute that allowed the trial judge to make a factual finding based on a preponderance of the evidence that the defendant had "brandished" a gun during the commission of a drug offense, thereby increasing the statutory minimum prison term from five to seven years. The Court concluded that its previous decision in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986), survived *Apprendi*.[4]

¶13        In *McMillan*, the Court had "sustained a statute that increased the minimum penalty for a crime, though not beyond the statutory maximum, when the sentencing judge found, by a preponderance of the evidence, that the defendant had possessed a firearm." *Harris*, 536 U.S. at 550, 122 S. Ct. at 2410, 153 L. Ed. 2d at 533. The Court reasoned in *Harris* that

---

[4]The Court in *Blakely* distinguished *McMillan* and *Harris* but did not invalidate those cases.

10

> *McMillan* and *Apprendi* are consistent because there is a fundamental distinction between the factual findings that were at issue in those two cases. *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime—and thus the domain of the jury—by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding.

*Id.* at 557, 122 S. Ct. at 2414, 153 L. Ed. 2d at 537-38. The Supreme Court has yet to address directly whether the existence of prior convictions that increase the statutory maximum penalty may be based on a lesser standard than beyond a reasonable doubt. But our supreme court's decision in the pre-*Apprendi* case of *Hurley* sheds additional light on this issue.

¶14 The defendant in *Hurley* had been sentenced under the enhancement provisions of § 13-604.02(A) (enhanced sentencing statute applicable to persons convicted of dangerous offenses while on probation, parole, work furlough, other release from confinement). The statute provided that the court, rather than a jury, was to decide release status. The defendant argued on appeal that unless the statute was interpreted to require the state prove to a jury beyond a reasonable doubt that the defendant was on release at the time of the offense, it had to be declared unconstitutional. The court rejected that argument and then turned to the question of the appropriate standard of proof for court-determined release status under § 13-604.02(A). For guidance, the court looked to prior convictions as a sentence enhancement and noted, as we did above, that the very fact that the statute required at that time that a jury decide that issue, had resulted in an automatic application of the heightened standard

11

of proof. But, the court reasoned, because § 13-604.02 permitted the court to decide release status, the state was not required to prove that allegation beyond a reasonable doubt but by clear and convincing evidence. 154 Ariz. at 132, 741 P.2d at 265.

¶15       Prior convictions and release status essentially have switched places in this regard since our supreme court decided *Hurley*. As Division One of this court noted in *State v. Gross*, 201 Ariz. 41, 31 P.3d 815 (App. 2001), *Apprendi* effectively overruled *Hurley*, requiring that release status be determined by a jury beyond a reasonable doubt. *See also State v. Benenati*, 203 Ariz. 235, 52 P.3d 804 (App. 2002) (agreeing with *Gross* and holding that release status adding two years to sentence as enhancement under § 13-604(R) must be determined by jury in light of *Apprendi*). Of course, in *Apprendi*, the Supreme Court did not prescribe the burden of proof for determining the existence of prior convictions for sentence enhancement purposes. And in *Almendarez-Torres*, decided before *Apprendi*, the defendant had admitted he was a recidivist; therefore, the Court declined to decide the question, commenting, "we express no view on whether some heightened standard of proof might apply to sentencing determinations that bear significantly on the severity of sentence." 523 U.S. at 248, 118 S. Ct. at 1233, 140 L. Ed. 2d at 371; *see also United States v. Watts*, 519 U.S. 148, 156 n.2, 117 S. Ct. 633, 637-38 n.2, 136 L. Ed. 2d 554, 564-65 n.2 (1997) (noting, without resolving, "divergence of opinion among the Circuits" regarding whether "clear and convincing" should be standard for determining "relevant conduct" that could affect sentence); *United States v. Restrepo*, 946 F.2d 654 (9th Cir. 1991) (suggesting clear and convincing evidence might be required to prove sentencing factors that result in extraordinary adjustments

12

to sentence); *cf. In re B.S.*, 205 Ariz. 611, ¶ 12, 74 P.3d 285, 289 (App. 2003), *quoting Rasmussen v. Fleming*, 154 Ariz. 207, 223, 741 P.2d 674, 691 (1987) (higher evidentiary standard of clear and convincing evidence applies to "exceptional civil matters" involving "'personal interests more important than those found in the typical civil dispute'"). *But see State v. Hurbenca*, 669 N.W. 2d 668 (Neb. 2003) (in light of *Apprendi*, fact of prior conviction need only be found by trial court based on preponderance of the evidence); *State v. Holgren*, 23 P.3d 1132 (Wash. Ct. App. 2001) (prior convictions need only be established by preponderance of the evidence); *cf. Joyner v. State*, 158 P.3d 331 (Wyo. 2002) (finding protection order is not a prior conviction and must be established beyond a reasonable doubt to enhance sentence). Applying the court's reasoning in *Hurley* here and recognizing the significant impact prior convictions can have on the length of a sentence, we hold that because neither the statute nor *Apprendi* requires a jury trial on the allegation of prior convictions, the heightened burden of proof does not apply but rather prior convictions for sentence enhancement purposes must be established by clear and convincing evidence.

### c. Sufficiency of the Evidence

¶16     We now turn to the sufficiency of the evidence to support the trial court's finding that Cons had two prior felony convictions as alleged by the state and subsequently amended. In order to prove a prior conviction, the state must submit positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself. *Terrell*. The proper procedure for establishing a prior conviction is for the state to submit a certified copy of the conviction and establish that the

13

defendant is the person to whom the document refers. *State v. Hauss*, 140 Ariz. 230, 681 P.2d 382 (1984). That is precisely what was done here.

¶17 The state submitted and the court admitted into evidence certified copies of the two convictions. The document relating to the Pinal County matter contained Cons's name, date of birth, and a fingerprint that the state's expert identified as belonging to Cons. Additionally, the trial judge stated she recognized Cons as the person she had sentenced in that case. The Maricopa County documents tied that conviction to the Pinal County case. Read together, those documents stated Cons's name and date of birth, which were the same as those contained in the Pinal County documents. The sentencing minute entry from the Maricopa County case specified that Cons's sentence was to be served consecutively to the sentence that had already been imposed in the Pinal County case. Based on the record before us, the court's findings as to the prior convictions is sustainable under a standard of clear and convincing evidence as well as beyond a reasonable doubt. The record belies Cons's contention that the court found the felony convictions were established based on the fact that initially he had been willing to admit them. Instead, there was overwhelming evidence to support the court's findings and its enhancement of the sentence.

¶18 Cons objected to the admission of the documents on the ground that, *inter alia*, the state had failed to show that the convictions were final and had not been appealed or that he had not been pardoned. The trial court admitted the documents over this objection and Cons's additional objections, one of which was that insufficient foundation had been established for the admission of the documents. Cons reiterates both objections on appeal but

14

does not provide sufficient argument for us to address the claim that there was a lack of foundation for the records. *See* Ariz. R. Crim. P. 31.13(c), 17 A.R.S. (setting forth contents appellate briefs must have, including argument and citation to authorities); *State v. Sanchez*, 200 Ariz. 163, 24 P.3d 610 (App. 2001) (claim waived because defendant failed to develop argument in brief). We reject it summarily as waived and, in any event, meritless; certified copies of the court records are proper, self-authenticated documents that are properly offered in support of an allegation of prior convictions. *See Hauss; State v. Lee*, 114 Ariz. 101, 559 P.2d 657 (1976) (proper procedure for proving prior convictions is to offer certified copy of conviction); *see also* Ariz. R. Evid. 902(4), 17A A.R.S. (certified copies of public records are self-authenticating).

¶19 We also reject Cons's claim that, by admitting the documents over his objection that the state had failed to establish the conviction had not been vacated on appeal or in a post-conviction proceeding, the trial court impermissibly shifted the burden of proving the prior convictions to him. There is a presumption of regularity that attaches to convictions. *See State v. McCann*, 200 Ariz. 27, 21 P.3d 845 (2001). It is the defendant's burden to present some credible evidence that the case had been reversed or that he had been pardoned. Cons did not satisfy that burden, and it was not for the state to establish the negative, that is, that no appeal, post-conviction proceeding, or pardon had eliminated the prior convictions.

## Disposition

**¶20**     The conviction and sentence are affirmed.

_____

PHILIP G. ESPINOSA, Acting Presiding Judge

CONCURRING:

_____

JOHN PELANDER, Chief Judge

_____

PETER J. ECKERSTROM, Judge