NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TARRON LAMAR WOOTEN, *Appellant.*

No. 1 CA-CR 15-0475
FILED 8-23-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-112799-001
The Honorable Christopher Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Maurice Portley joined.

<hr>

**B R O W N**, Presiding Judge:

¶1         Tarron Lamar Wooten appeals his conviction and sentence for misconduct involving weapons.  For the following reasons, we affirm.

## BACKGROUND

¶2         In March 2014, the State charged Wooten with one count of misconduct involving weapons and alleged he had two historical prior felony convictions.  At trial, Wooten stipulated he was previously convicted of a felony and did not have his right to possess a firearm restored.  A jury found him guilty as charged.

¶3         At an evidentiary hearing held prior to sentencing, the State presented two certified minute entries purporting to show that Wooten was previously found guilty on two felony charges, one in 2001 and one in 2012. The trial court found the State presented sufficient proof to establish the 2012 felony conviction and therefore sentenced Wooten under Arizona Revised Statutes ("A.R.S.") section 13-703(I) as a category two repetitive offender.  The court also determined that the State proved the 2001 conviction, but failed to establish it was an historical prior conviction.  The court found nonetheless that the 2001 conviction was an aggravating factor. Wooten was then sentenced to an aggravated prison term of six years.  This timely appeal followed.

## DISCUSSION

¶4         Wooten argues the trial court erred when it found that the State presented sufficient evidence to prove the existence of an historical prior felony conviction for the purpose of sentence enhancement.  It is the State's burden to prove the existence of a defendant's prior convictions by clear and convincing evidence, *State v. Cons*, 208 Ariz. 409, 415, ¶ 15 (App. 2004), and we review de novo a trial court's determination that a prior conviction constitutes an historical prior felony, *State v. Derello*, 199 Ariz. 435, 437, ¶ 8 (App. 2001).

**¶5**		To establish the existence of an historical felony conviction, the State must (1) offer documentary evidence of the conviction and (2) establish the defendant is the person to whom the evidence refers. *State v. Solis*, 236 Ariz. 242, 248, ¶ 19 (App. 2014) (citin*g State v. Hauss*, 140 Ariz. 230, 231 (1984)). At the evidentiary hearing, the State offered two exhibits reflecting Wooten's prior convictions and sentences. Exhibit 12, a certified minute entry dated August 22, 2001, showed Wooten's guilty plea and sentence for theft of means of transportation, a class 3 felony. Exhibit 11, a certified minute entry dated August 7, 2012, showed a jury verdict of guilty and sentence of imprisonment for unlawful flight from law enforcement, a class 5 felony. A fingerprint examiner testified that the fingerprint certification on Exhibit 12 matched Wooten's fingerprints. But the examiner indicated that she could not tell one way or the other whether the fingerprint certification on Exhibit 11 matched Wooten's fingerprints. Notwithstanding the State's inability to match the fingerprints, the trial court found that the certified minute entry was sufficient to connect Wooten to the 2012 conviction.

**¶6**		Because the fingerprint analysis was inconclusive, Wooten argues the State failed to present sufficient evidence to identify him as the perpetrator of the 2012 historical felony. Even without conclusive fingerprint verification, however, we agree with the trial court's finding that the certified copy of the sentencing minute entry satisfies the State's burden of establishing Wooten's 2012 prior conviction. Wooten's full name and date of birth as they are listed in Exhibit 11 match the name and date of birth listed in Exhibit 12. As the trial court noted, Exhibit 11 cross-references Wooten's 2001 conviction and sentence with the accurate date and case number, thereby linking the two exhibits to the same defendant. Therefore, read together, the two certified minute entries properly establish the existence of Wooten's 2012 felony conviction. *See, e.g., Cons*, 208 Ariz. at 415, ¶ 17 (finding a certified copy of a minute entry containing defendant's name, birthdate, and a reference to the sentence imposed on a separate prior conviction were sufficient to prove a prior conviction); *see also State v. Robles*, 213 Ariz. 268, 273, ¶¶ 16-17 (App. 2006) (finding testimony linking Department of Corrections records to a particular defendant sufficient to satisfy burden of proving a prior conviction).[1]

---

[1]		Because the minute entries were sufficient to establish the existence of the 2012 prior historical felony conviction, we need not address Wooten's argument that an error in the trial court's colloquy given pursuant to Arizona Rule of Criminal Procedure 17.6 violated his due process rights.

## CONCLUSION

¶7 Because the trial court did not err when it relied on the 2012 felony conviction to enhance Wooten's sentence, we affirm his conviction and sentence.



Amy M. Wood • Clerk of the court
FILED:  AA