NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AARON RICHARD MARTENS, *Appellant.*

No. 1 CA-CR 16-0531
FILED 8-29-2017

Appeal from the Superior Court in Maricopa County
No. CR2010-005770-001
The Honorable Joan M. Sinclair, Judge

**REVERSED IN PART; REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Michael J. Brown and Judge Randall M. Howe joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Aaron Richard Martens appeals his convictions and sentences for ten counts of sexual exploitation of a minor, all Class 2 felonies and dangerous crimes against children. Martens contends the uncertified documents presented as proof of his prior military convictions were insufficient to support a sentencing enhancement for historical prior felony convictions. Because the uncertified military reports presented as evidence of prior convictions were insufficient to support a finding of historical prior felony convictions, we vacate the superior court's sentences and remand for resentencing consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　On May 19, 2008, Arizona State University ("ASU") Police Aide Leonard Nasca was in the computer section of the university's downtown campus library when he noticed a computer suspiciously canted. He approached the computer from behind and saw a man, later identified as Martens, looking at several thumbnail pictures containing naked young boys. Nasca stepped away from behind Martens and called ASU Police Sergeant Al Phillips. When Phillips arrived he also observed Martens viewing pornographic images of young boys. Phillips approached Martens, detained him, and called Phoenix Police.

**¶3**　　　　Phoenix Police Officer Lindy Steele responded to Phillips's call and, after interviewing Phillips and Nasca, contacted Detective Michael Thorley from the internet crimes against children task force to take over the investigation. Thorley arrived at the scene and interviewed Martens. During the interview, Martens admitted to having been dishonorably discharged from the United States Air Force for possession of child pornography.

**¶4**　　　　Thorley contacted Detective David Elting with the Phoenix Police Department Forensic Computer Unit, who extracted 190 images of child pornography from the ASU computer used by Martens. Thorley

reviewed the images and forwarded ten to Dr. Leslie Quinn, a child abuse pediatrician, who prepared a report that identified the ages of the boys in each image. Based on Dr. Quinn's report and testimony, the boys' ages ranged from less than seven-years-old to less than 15-years-old.

¶5        The State charged Martens with ten counts of sexual exploitation of a minor, Class 2 felonies and dangerous crimes against children. Before trial, the State alleged Martens had historical prior felony convictions in the military court of the United States Air Force and in the United States District Court. At a pretrial hearing, Martens objected to the admission of the State's evidence regarding his prior military convictions, arguing the military reports were hearsay, violated Arizona Rule of Evidence 403, and violated the Confrontation Clause. The superior court admitted the evidence, finding the reports qualified as other-act evidence under Arizona Rule of Evidence 404(c) and did not violate the Confrontation Clause. Martens waived his right to a jury trial, and was found guilty on all charges. The State did not call a law enforcement officer to testify regarding Martens's prior military convictions, nor did Martens testify at trial.

¶6        At sentencing, Martens again objected to the evidence regarding his prior military convictions, but the superior court denied his objection and found Martens had two prior felony convictions based on the Air Force reports presented.[1] Pursuant to Arizona Revised Statutes ("A.R.S.") section 13-705, Martens received mandatory consecutive life sentences on all counts because the two prior felony convictions were also dangerous crimes against children. Martens timely appealed and this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

---

[1]        Martens also objected to his federal court conviction being used as a historical prior felony conviction because the date of the federal offense occurred after the events giving rise to the charges in the instant matter. The superior court agreed and did not consider the federal court conviction as a historical prior during sentencing. *Cf. State v. Thomas*, 219 Ariz. 127, 130, ¶ 9 (2008) (a sentencing enhancement based on a historical prior felony conviction requires only the *conviction*, not the *commission*, to take place before the offense set for sentencing).

[2]        Absent material revision after the date of an alleged offense, we cite to the current version of applicable statutes and rules.

## DISCUSSION

**¶7** Martens argues the Air Force reports considered as evidence of his prior military felony convictions were not "certified copies" of convictions, and were therefore insufficient to prove those felony convictions. Martens also argues he could not have admitted to the prior felony convictions because he did not give enough information regarding the specific details of those convictions during his interview with Detective Thorley to satisfy a finding of historical prior felony convictions. He further argues he was not advised of his rights in accordance with Arizona Rule of Criminal Procedure 17.6 before admitting to any prior convictions.

**¶8** A superior court's determination that a prior felony conviction constitutes a historical prior felony conviction for purposes of sentence enhancement is a mixed question of law and fact that this court reviews *de novo. State v. Rasul*, 216 Ariz. 491, 496, ¶ 20 (App. 2007).[3] This court also reviews *de novo* whether the superior court properly accepted a defendant's admission of prior convictions. *State v. Anderson*, 199 Ariz. 187, 194, ¶ 35 (App. 2000).

### A.    The Evidence was Insufficient to Support a Finding of Historical Prior Felony Convictions.

**¶9** Martens argues the superior court erred by considering Air Force reports that were not "certified copies" of prior convictions when finding the State had provided sufficient evidence of historical prior felony convictions for purposes of sentence enhancement. We agree.

**¶10** To enhance a sentence as a repetitive offender, the State must allege a prior conviction and the prior conviction must be admitted by the defendant or found by the court. A.R.S. § 13-703(N). "Prior convictions for sentence enhancement purposes must be established by clear and convincing evidence." *State v. Cons*, 208 Ariz. 409, 415, ¶ 15 (App. 2004). To prove a prior conviction, the State must provide "positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself." *Cons*, 208 Ariz. at

---

[3]    The State argues Martens failed to object to the sufficiency of the evidence presented regarding his prior felony conviction at trial, and therefore this court should review for fundamental error. However, Martens objected to the evidence considered both at the pretrial hearing and the sentencing hearing. Accordingly, we decline to find the error was waived.

415, ¶ 16. "The proper procedure for establishing a prior conviction is for the state to submit a certified copy of the conviction and establish that the defendant is the person to whom the document refers." *Id.* While courts may consider other kinds of evidence, there is a need for "reliable documentary evidence." *State v. Robles*, 213 Ariz. 268, 273, ¶¶ 15–16 (App. 2006); *see also State v. Nash*, 143 Ariz. 392, 403 (1985).

**¶11**        The State introduced evidence of Martens's previous military felony convictions in the form of two uncertified summaries provided by the United States Air Force Office of Special Investigations titled "Report of Investigation." The State concedes on appeal that the Air Force reports were not certified records of Martens's prior military convictions, and instead claims the superior court relied on a certified copy of a separate felony conviction in federal court, which referenced his two prior military convictions. However, the certified federal court record only references the prior military convictions in an attached affidavit from an FBI investigator, and does not contain any evidence that the federal court made a finding regarding the military convictions. The federal court record also lacks the dates of conviction or any cause numbers for those military convictions. Furthermore, while the superior court did rely on the certified federal court documentation in its Rule 404 findings, the court specifically excluded the federal court conviction as a historical prior felony conviction at sentencing.

**¶12**        The State also argues the uncertified Air Force reports should be sufficient evidence of the prior felony convictions because they contain Martens's name, date of birth, and social security number. In support, the State cites to various cases where other evidence besides a certified record of a conviction was sufficient to support a finding of a historical prior felony conviction. However, the alternative documentation provided in those cases was still certified. *See State v. Van Adams*, 194 Ariz. 408, 419, ¶ 37 (1999) (certified copies of a California disposition of arrest); *State v. White*, 160 Ariz. 24, 28 (1989) (certified copies of a plea agreement signed by the defendant and docket sheets indicating the agreement was filed in court); *Nash*, 143 Ariz. at 403 (certified commitment records from other states); *State v. Baca*, 102 Ariz. 83, 87 (1967) (certified records of commitment); *In re C.D.*, 240 Ariz. 239, 242, ¶ 14 (App. 2016) (certified minute entries); *Robles*, 213 Ariz. at 273, ¶ 17 (certified copies of DOC documents); *Cons*, 208 Ariz. at 415, ¶ 17 (certified copies of convictions).

**¶13**        The documents presented to the superior court at sentencing were not certified, lacked any fingerprints or photographs of Martens, and all the names besides Martens's had been redacted. The uncertified Air Force reports relied upon by the superior court were insufficient to find

historical prior felony convictions for purposes of enhancing Martens's sentences. *See Cons*, 208 Ariz. at 415, ¶ 16 ("[T]he state must submit positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself.").[4]

## B. Martens's Statements to Detective Thorley Were Insufficient to Qualify as an Admission of Historical Prior Felony Convictions.

**¶14** The State contends that even if the Air Force reports were not sufficient evidence to prove Martens's historical prior felony convictions, Martens admitted to the prior felony convictions in a pretrial interview with Detective Thorley. We disagree.

**¶15** Rule 17.6 provides that "whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of [Rule 17]." Ariz. R. Crim. P. 17.6. The procedures of Rule 17 require the court to address the defendant in open court and inform him or her of the nature and range of possible sentences which might result from the admission and the constitutional rights the defendant foregoes by making the admission. *See* Ariz. R. Crim. P. 17.2; *State v. Morales*, 215 Ariz. 59, 61, ¶ 9 (2007).

**¶16** The State concedes that Martens was not given the advisement required for a formal admission of prior convictions under Rule 17, but instead argues that the superior court could have found the prior convictions based on the pretrial interview conducted by Detective Thorley. *See State v. Whitney*, 159 Ariz. 476, 485 (1989) (an exception to the requirements of Rule 17 applies where the defendant admits to prior felony convictions at trial). However, this exception requires admission of the prior convictions "during [the defendant's] *testimony at trial*." *Id.* (emphasis added); *see also* Ariz. R. Crim. P. 17.6 (exception requires defendant to admit the prior conviction "while testifying on the stand"). Martens made his

---

[4] The superior court found the Air Force reports were sufficient for a finding that Martens had committed other acts under Arizona Rule of Evidence 404(c). Importantly, the requirements for a finding under Rule 404(c) and a sentence enhancement under A.R.S. § 13-703 are not the same. While Rule 404(c) requires evidence that the defendant committed the previous act, § 13-703 requires evidence of a prior *conviction*. *Compare* A.R.S. § 13-703(N) (allegation of prior *conviction* must be found by the court), *with State v. Goudeau*, 239 Ariz. 421, 450, ¶ 96 (2016) (requirements for introducing other-act evidence). Therefore, the Rule 404(c) finding is not enough, by itself, for a finding of historical prior felony convictions.

admissions during a pretrial interview with police where he was not under oath, represented by counsel, or subject to cross-examination. Thus, the exception is not applicable.

**¶17**         Finally, the superior court made no reference to Martens's pretrial admission at the sentencing hearing, and only relied on the Air Force reports when finding the two historical prior felony convictions. Accordingly, Martens did not admit to the historical prior felony convictions used to enhance his sentence in accordance with Rule 17, and therefore his admission cannot be accepted.

## CONCLUSION

**¶18**         The superior court erred by finding uncertified Air Force investigation reports introduced by the State to be sufficient evidence of Martens's historical prior felony convictions. Therefore, we vacate Martens's sentences and remand for resentencing in accordance with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA