NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANNY JOSEPH JONES, *Appellant.*

Nos. 1 CA-CR 21-0431, 1 CA-CR 22-0052
(Consolidated)
FILED 9-29-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202000977
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

¶1        Danny Joseph Jones appeals his conviction for tampering with physical evidence and the superior court's denial of his motions to vacate the judgment.  Jones also contends the superior court erred in sentencing him as a category three repetitive offender.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In September 2020, a grand jury indicted Jones, charging him with six counts: Count One, drive-by shooting, a class two felony, Counts Two and Three, endangerment, both class six felonies, Count Four, disorderly conduct involving a deadly weapon or dangerous instrument, a class six felony, Count Five, misconduct involving weapons, a class four felony, and Count Six, tampering with physical evidence, a class six felony.

¶3        On the first day of trial, the court granted the State's motion to dismiss Count Three with prejudice.  The State then presented the following evidence:  In August 2020, Jones shot the rear window of a parked car with a shotgun after a brief argument with the car's owner.  The car was unoccupied, but the car's owner and two other persons, including Jones' former girlfriend, were standing near it.  One bystander reacted by screaming, and Jones' former girlfriend "was in shock."

¶4        After the shooting, Jones drove to a friend's house and told the friend he shot at a vehicle.  The friend encouraged Jones to turn himself in, but Jones declined, stating he did not want to go to prison.  Jones asked to borrow money, a car, and a phone to call another friend.  Jones said he needed to "get out of town," and then looked at his phone and told the friend, "[The police] pinged me.  I got to go."  Jones then fled but was apprehended a short time later.  He told police he left the shotgun in a vacant construction lot, but law enforcement did not find the weapon.

¶5        After close of the State's evidence, the superior court denied Jones' motion for judgment of acquittal as to Count One, drive-by shooting. *See* Ariz. R. Crim. P. ("Rule") 20.  Jones testified, admitted to the shooting, and stated he did not turn himself into law enforcement because "[he] was scared of getting arrested because [he] was an ex-felon and shooting a gun," and that he "got rid of [the shotgun] because everything just happened." Jones admitted to having a felony conviction from South Carolina in 1999 and to being a prohibited possessor as a result.

¶6        The jury convicted Jones of endangerment as a misdemeanor, disorderly conduct involving a deadly weapon or dangerous instrument,

misconduct involving weapons, and tampering with physical evidence, but acquitted him of drive-by shooting.

**¶7**          Following trial, the court held a sentencing evidentiary hearing and granted the State's motion to admit certified conviction records for Jones' prior felony convictions, including the 1999 South Carolina conviction for which Jones served a twenty-year sentence, and three California convictions from 1987 and 1988. The court found Jones had four prior felony convictions and sentenced him as a category three repetitive offender to multiple prison terms totaling eleven years. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(C).

**¶8**          The court denied Jones' *pro per* motion to vacate the judgment under Rule 24.2. Jones timely appealed the denial of his Rule 24.2 motion and separately appealed his conviction for tampering with physical evidence. We have jurisdiction over Jones' consolidated appeals under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 13-4031 and 13-4033(A).

## DISCUSSION

I.     Tampering with Physical Evidence Conviction

**¶9**          We review *de novo* whether substantial evidence supports the verdict. *State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013). We view the evidence in the light most favorable to sustaining the verdict, and we do not reweigh the evidence. *Id.*

**¶10**         "A person commits tampering with physical evidence if, with intent that it be used, introduced, rejected or unavailable in an official proceeding which is then pending or which such person knows is about to be instituted, such person . . . [d]estroys, mutilates, alters, conceals or removes physical evidence with the intent to impair its verity or availability . . . ." A.R.S. § 13-2809(A)(1).

**¶11**         Jones argues insufficient evidence supports that he knew a criminal proceeding would be instituted when he hid the shotgun. Jones admitted at trial, however, he hid the gun because he was afraid of being arrested. Jones cites *State v. Escalante*, 242 Ariz. 375 (App. 2017), to argue that a conviction for tampering with evidence requires the defendant see police officers in pursuit before disposing of the evidence. Our supreme court vacated the portion of this court's opinion on which Jones relies. *See State v. Escalante*, 245 Ariz. 135, 146, ¶ 43 (2018). Moreover, although *Escalante* held such facts to be sufficient to sustain a conviction, it did not impose such a requirement for every case. *See* 242 Ariz. at 386, ¶ 50. Even

so, before fleeing and hiding the shotgun, Jones admitted the police had "pinged" his phone. Substantial evidence therefore supports the jury's conclusion that Jones knew a criminal proceeding would be instituted and thus supports his tampering with physical evidence conviction.

II.     Motion to Vacate Based on Defects in the Grand Jury Proceeding

¶12     Jones argues the court erred in denying his motion to vacate the judgment. *See* Ariz. R. Crim. P. 24.2(a)(3) (stating that the court must vacate a judgment if it finds the conviction was obtained in violation of the United States or Arizona constitutions). He argues on appeal, as he did in his motion to vacate, that the state violated his due process rights by offering false statements to the grand jury and failing to read the disorderly conduct involving a weapon charge or statute.

¶13     Jones cannot obtain review of alleged errors in a grand jury proceeding because probable cause "is no longer open to question" once a jury determines the defendant's guilt beyond a reasonable doubt. *State v. Just*, 138 Ariz. 534, 541-42 (App. 1983); *cf. State v. Atwood*, 171 Ariz. 576, 601 (1992) (explaining that a jury's guilty verdict makes any error in the charging decision harmless), *disapproved of on other grounds by State v. Nordstrom*, 200 Ariz. 229, 241, ¶ 25 (2001), *abrogated in part by State v. Ferrero*, 229 Ariz. 239, 242-43, ¶¶ 14-20 (2012). "[W]e will not determine the propriety of withholding evidence from a grand jury on an appeal from a subsequent conviction." *State v. Verive*, 128 Ariz. 570, 574–75 (App. 1981) (citing *State v. Neese*, 126 Ariz. 499, 502-03 (App. 1980)). Indeed, the purported errors could have been discovered and corrected before trial, but Jones failed to timely move for a new probable cause finding despite having access to the grand jury transcripts. *See* Ariz. R. Crim. P. 12.9. Even so, we find no merit to Jones' contention that the State knowingly offered false testimony to the grand jury.

III.    Prior Felony Convictions

¶14     We review the superior court's historical prior felony conviction finding *de novo*. *State v. Rasul*, 216 Ariz. 491, 496, ¶ 20 (App. 2007). The State must prove a prior conviction by clear and convincing evidence and "submit positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself." *State v. Cons*, 208 Ariz. 409, 415, ¶¶ 15-16 (App. 2004) (citation omitted). In general, the proper procedure is for the State to offer a certified copy of the prior conviction and establish that the defendant is the person to whom the document refers. *See id.* at ¶ 16; s*ee also State v. Solis*, 236 Ariz. 242, 248-49, ¶ 22 (App. 2014) (holding that a Department of

Corrections record with a photograph matching other admitted documents was sufficient).

¶15      Jones argues insufficient evidence supported the court's finding that he had four prior felony convictions and that he was a prohibited possessor. Not so. Jones admitted at trial that he had a prior felony conviction and that he was a prohibited possessor, and the State submitted certified conviction records for each of the prior felony convictions, which were admitted into evidence. The conviction records matched the information in the Department of Corrections packets from California and South Carolina, which included Jones' name, date of birth, photographs, and criminal history. *See Cons*, 208 Ariz. at 415, ¶¶ 16-17. The social security number on the conviction records matched that on Jones' presentence investigation report. Contrary to Jones' contention, no fingerprint expert testimony was required. *See Solis*, 236 Ariz. at 247-49, ¶¶ 17, 20-22. The court's finding is supported by clear and convincing evidence.

¶16      Jones notably does not argue that he is not the person listed in the conviction records. *See id.* at 248-49, ¶ 22. He contends instead that certain admitted exhibits, including the California Department of Corrections packet, had been altered to make his 1999 conviction look more serious, but he does not elaborate or provide evidence to support this argument. But the court need not consider the seriousness of the felony when determining the existence of a historical prior felony conviction. *See* A.R.S. §§ 13-703(C), -105(22)(d) (defining a historical prior felony conviction as any third or more prior felony conviction).

## CONCLUSION

¶17      We affirm Jones' convictions and sentences.

