NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES BYRN SIEGFRIED, *Appellant.*

No. 1 CA-CR 24-0236

FILED 12-17-2024

Appeal from the Superior Court in Yavapai County
Nos. P1300CR202200842, P1300CR202200861
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

James B. Siegfried, Eloy
*Appellant*

_____

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

_____

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant James B. Siegfried has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Siegfried was given the opportunity to file a supplemental brief pro se and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Siegfried's convictions and resulting sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        Siegfried was charged with two counts of aggravated assault, both Class 3 felonies; resisting arrest, a Class 6 felony; misconduct involving weapons, a Class 4 felony and liquor or spirituous liquor in a motor vehicle, a Class 2 misdemeanor, all alleged to have been committed on June 30, 2022 in Paulden, Arizona.

¶3        At trial, the jury found Siegfried guilty as charged on both counts of aggravated assault and misconduct involving weapons and not guilty of resisting arrest. The misdemeanor charge was tried to the court, which found him guilty of liquor or spirituous liquor in a motor vehicle.

¶4        The superior court held a hearing to address prior felony convictions. The State presented four certified prior felony conviction documents as well as expert testimony matching Siegfried's fingerprints in the Booking Sheet to those in the certified documents. The court found the State proved by clear and convincing evidence that Siegfried was previously convicted of two counts of armed robbery, both dangerous felony offenses. The State also proved by clear and convincing evidence that Siegfried was subsequently convicted of attempted first degree murder, a

dangerous felony offense; burglary, a dangerous felony offense and two counts of aggravated assault, both dangerous felony offenses.

**¶5**        Because Siegfried had "previously been convicted on separate occasions of two or more violent or aggravated felonies not committed on the same occasion," the court sentenced him to concurrent lifetime imprisonment on the aggravated assault convictions with no eligibility for suspension of sentence, probation, pardon or release on any basis except that he may be eligible for commutation after serving at least 35 years in prison. *See* Ariz. Rev. Stat. (A.R.S.) § 13-706(B) (2024).[1] The court sentenced him to 120 days in jail for the misdemeanor conviction, with credit for time served. The court properly awarded Siegfried 648 days of presentence incarceration credit.

**¶6**        This court has jurisdiction over Siegfried's timely appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (2024).

## DISCUSSION

**¶7**        The record shows that Siegfried was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentence imposed was within statutory limits, and the presentence incarceration credit was correct. *See* A.R.S. § 13-706(B). And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

**¶8**        Siegfried filed a supplemental brief raising several issues, including improper admission of prior convictions for purposes of sentencing. Siegfried argues that the State "failed fundamentally to prove beyond a reasonable doubt, via its own Yavapai county created documentation and 'expert' testimony, that [Siegfried's] priors existed." Siegfried asserts the State's "fundamental failure under Due Process Clause altered [the] trial court's sentencing."

**¶9**        Siegfried's argument is unavailing. "Prior convictions for sentence enhancement purposes must be established by clear and convincing evidence." *State v. Cons*, 208 Ariz. 409, 415 ¶ 15 (App. 2004). "The proper procedure for establishing a prior conviction is for the state to submit a certified copy of the conviction and establish that

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

the defendant is the person to whom the document refers." *Id.* at 415 ¶ 16 (citation omitted). The State must provide "positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself." *Id.* (citation omitted).

**¶10** During the hearing to prove priors, the State presented four certified prior convictions to the court. The certified copies listed Siegfried's name, date of birth, physical description, photo and the alias Siegfried testified during trial he had previously used. The State also presented expert testimony that the fingerprints in the certified prior convictions matched Siegfried's fingerprints in the Booking Sheet.

**¶11** Siegfried argues the "State's fingerprint 'expert' could not certify the fingerprints from the alleged priors (CR93-0546)." The expert testified the certified prior conviction for CR93-0546 did not have quality prints for comparison, but a certified Arizona penitentiary package (Pen Pack for short), which included that same conviction, had quality prints that matched Siegfried's. Siegfried also appears to take issue with the expert's lack of certification. Because experts can be qualified based on "knowledge, skill, experience, training, or education," the expert's lack of certification is not dispositive, particularly given expert's extensive experience in this case. *See* Ariz. R. Evid. 702. The State presented sufficient evidence to prove by clear and convincing evidence Siegfried's prior convictions for sentence enhancement purposes.

**¶12** Siegfried also claims the State committed prosecutorial misconduct at multiple stages of the case. First, Siegfried argues the State "knowingly lied and misrepresented evidence to [the] grand jury . . . to enhance charges." "A defendant alleging prosecutorial misconduct in a grand jury proceeding generally must seek relief from an adverse trial court ruling through special action rather than waiting to raise such issues on appeal." *State v. Snelling*, 225 Ariz. 182, 185 ¶ 11 (2010) (citing cases). "The one exception to this rule is when a defendant has had to stand trial on an indictment which the government knew was based partially on perjured, material testimony." *Id.* (citation omitted). Because Siegfried does not identify any false statement or perjured testimony before the grand jury, he is precluded from challenging the prosecutor's conduct during the grand jury proceeding.

**¶13** Second, Siegfried argues the State "lied and misrepresented evidence to an impane[l]ed trial jury" regarding his prior convictions. The only evidence of Siegfried's prior convictions at trial was properly introduced by Siegfried's counsel in compliance with the superior court's

ruling on his motion to sanitize and limit Rule 609 impeachment information. *See* Ariz. R. Evid. 609.

**¶14** Third, Siegfried argues the State committed prosecutorial misconduct through use of improper expert testimony and misrepresentation of evidence to prove his priors. As stated above, the admission of Siegfried's priors for the purpose of sentence enhancement was proper. Siegfried points to no evidence in the record to substantiate these claims of prosecutorial misconduct and the court finds none. Thus, Siegfried's arguments fail.

**¶15** Finally, Siegfried argues he received ineffective assistance of counsel. Post-conviction relief proceedings—not this *Anders* appeal—are the proper venue to raise ineffective assistance of counsel claims. *See State v. Chavez*, 243 Ariz. 313, 318 ¶ 15 (App. 2017).

## CONCLUSION

**¶16** This court has read and considered counsel's brief and Siegfried's pro per supplemental brief and has searched the record provided for reversible error and has found none. *See Leon*, 104 Ariz. at 298-300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Siegfried's convictions and resulting sentences are affirmed.

**¶17** Upon the filing of this decision, defense counsel is directed to inform Siegfried of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Siegfried shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

